**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kelly Hogan,

    Plaintiff,

v.

CoreCivic of Tennessee LLC,

    Defendant.

No. CV-17-03752-PHX-DLR

**ORDER**

Before the Court is Plaintiff's motion to reconsider, which requests the Court to reconsider its dismissal of Plaintiff's Title VII retaliation claim. (Doc. 69.) For the reasons stated below, Plaintiff's motion is denied.

**I. Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's

Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

**II. Discussion**

Plaintiff's argument is two-fold. First, Plaintiff assert that the Court did not consider Ian Denham's statement to Plaintiff that Joe Harris had reported her to Denham. (Doc. 69 at 2.) This contention is unsubstantiated. In its summary judgment order, the Court noted that "[i]n support of her position, Plaintiff contends that Denham told her Harris had reported that she was compromised." (Doc. 65 at 4.) The Court found this statement insufficient, however, given Plaintiff's lack of evidence that Denham was told by Harris, or anyone else, that Harris had sexually assaulted Plaintiff prior to initiating his investigation. (Doc. 64 at 10 ("Defendant contends that Denham's investigation cannot be retaliatory because he had no knowledge of the alleged sexual assault by Harris, or any other protected behavior undertaken by Plaintiff. The Court agrees").)

Next, Plaintiff contends that the Court misapprehended evidence showing that the reason for the search was pretextual. (Doc. 69 at 3-4.) In particular, Plaintiff argues that "[r]egardless of what paper [she] gave the inmate, it was a typical occurrence and not something that would prompt" an investigation. (*Id.* at 4.) This argument merely repeats that made in Plaintiff's opposition to the motion for summary judgment. (*See, e.g.*, Doc. 61 at 10.) "A motion for reconsideration is an inappropriate vehicle to ask the Court to rethink what the Court has already thought through—rightly or wrongly." *Mix v. Asurion Ins. Servs. Inc.*, No. CV-14-02357-PHX-GMS, 2017 WL 131566, at *1 (D. Ariz. Jan. 1, 2017). Local Rule 7.2(g)(1) makes clear that "[n]o motion for reconsideration of an Order may repeat any oral or written argument" and the "[f]ailure to comply with this subsection may be grounds for denial of the motion." In any event, the Court maintains, as it did at in its prior order, that:

> Plaintiff's argument presupposes that Denham knew it was a

| | |
|---|---|
| 1 | bubble sheet when he started the investigation. There is no evidence of as much. Instead, the only evidence is that Denham was alerted to the fact that Plaintiff passed an unknown object to an inmate who was not in the proper location. That the investigation later showed Plaintiff had passed out a permissible item does not undermine the purpose of the investigation. |

(Doc. 65 at 16.) Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 69) is **DENIED**.

Dated this 29th day of May, 2019.

_____
Douglas L. Rayes
United States District Judge